# Armstrong's Estate.

A party to an appeal, in the supreme court, may at any time, without the special order of the court, have a rule to take depositions on ten days' notice to the adverse party: if there be a reason for taking a deposition upon shorter notice, the rule therefor must be obtained on motion.

An administrator will not be allowed a credit upon the settlement of his account, for the payment of costs which accrued in resisting the payment of a just debt which he had assets to pay.

A rule by which the compensation of an administrator may be measured, and for the allowance of interest.

APPEAL from the decree of the orphans' court of *Perry* county.

This was an appeal, by the heirs, from the decree of the orphans' court upon the settlement of the account of James Morrison, administrator of John Armstrong, deceased. The facts are sufficiently stated in the opinion of the court.

*Alexander*, for the appellant.
*Watts*, for the appellee.

The opinion of the Court was delivered by

SERGEANT, J.—The first exception is, that the accountant ought to be charged with the two sums of 60 dollars and 80 dollars 6 cents, collected by Mr Creigh for the accountant, and paid over to him. The facts stated in this exception appear in a deposition made by Mr Creigh since this appeal was taken, under a rule entered on the docket of the prothonotary of this court, by the appellant, on the 6th of June 1836, to take depositions on ten days' notice. The notice was duly served and the depositions taken at the time and place appointed. The objection is, that the entry of the rule was irregular, not being done on motion in court and leave granted by the court. This is a question of practice, and it appears that the practice has been to enter these rules to take depositions on ten days' notice, without application to the court. When it is the desire of the party to take them on a shorter notice, leave must be obtained. This course is convenient, and cannot be prejudicial to any one. Such leave would be granted as a matter of course, ten days being ordinarily sufficient notice. No reason has been assigned for its not being so in the present case, and therefore the deposition is admissible. The exception is sustained.

The second exception is, that the interest and costs on credit No. 11, (20 dollars 43 cents) ought not to be allowed.

The facts appear to be, that there came into the hands of the '

executor at and immediately after the decease of the testator, in cash, 54 dollars, and the price of a mare, 69 dollars; total, 123 dollars. He paid out items amounting to 73 dollars 97 cents, before paying the item now in question, of 8 dollars 35 cents, which, if then paid, would still have left a surplus of 40 dollars 68 cents in his hands. This item of 20 dollars 43 cents is made up of a debt of 8 dollars 35 cents, due to Dr Creigh for medicine, &c., on which judgment was obtained against the executor before a justice, on the 21st of May 1821. Execution issued and returned no assets: transcript filed: execution to the sheriff returned *nulla bona:* suit on Morrison's administration bond: put down for trial, and then he paid this sum of 20 dollars 43 cents. All beyond the 8 dollars 35 cents was interest and costs. When these accrued by the wilful delay of the executor to pay a just debt, without any reason, and when he had assets in his hands, they should not be charged against the estate. For these reasons this item is to be reduced to 8 dollars 35 cents.

The third exception is, that the compensation allowed to the accountant is too great, and the allowance of 113 dollars of interest thereon is unreasonable.

The receipts of the estate amount to 1753 dollars 6 cents, consisting of five items: the mare and money already mentioned; amount of a judgment recovered, 1608 dollars 52 cents; interest and verdict fee in the same suit, 21 dollars 49 cents, and balance of interest account 5 cents. The credits are fourteen items, of which 155 dollars are counsel fees, and most are of trivial amount. Commissions are charged at 200 dollars, and this is divided into eighteen parts, of 11 dollars each, and interest is allowed on them respectively from the 1st of November 1817, yearly, till 1824, amounting to 113 dollars. Commissions being a compensation for care and services, must necessarily vary according to circumstances, each estate being peculiar. But on an estate of the amount now in question, and situated as it is, a commission of 200 dollars, which exceeds eleven per cent, charged at the foot of the account, is ample, and the interest of 113 dollars ought to be struck out.

The fourth exception is, that the accountant ought to be charged with interest on the sums of 1608 dollars 52 cents, and 17 dollars 49 cents, from the time they were paid; or if not, he ought not to be credited with interest on 594 dollars 54 cents, part thereof paid out on the same day it was received, for the first four months.

This sum of 1608 dollars 52 cents was received by the executor on the 5th of August 1834, and on the same day he paid out of it the sum of 594 dollars 54 cents. He is charged interest on the sum of 1608 dollars 52 cents, from the 5th of December 1834, on the principle of allowing him four months for investment. But he is credited with interest on the 594 dollars 54 cents from the 5th of August 1834. As he is not charged with interest during the four months on money received, he ought not to be credited during that

[Armstrong's Estate.]

time with interest on money paid out of it.   The interest account should run only on the balance in his hands of the 1608 dollars 52 cents, on the 5th of December 1834, after deducting from it the sum of 594 dollars 54 cents, *i. e.* 1016 dollars 98 cents,

Decree accordingly.